8        UNITED STATES DISTRICT COURT

9       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| 11 | DAVID GLOVER, | No. 2:18-cv-02816-DB P |
|---|---|---|
| 12 | Petitioner, | |
| 13 | v. | ORDER AND |
| 14 | CDCR AT CHCF, | FINDINGS AND RECOMMENDATIONS |
| 15 | Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a § 2254 petition before the respondent files an answer "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

At issue in this case is petitioner's pursuit of the removal of an erroneous "R suffix" that was placed in his Central File and that he claims has affected his programming ability and the

1

availability of certain job assignments. He initially tried to have it removed by complying with institutional regulations for corrections to his record and then by submitting an inmate grievance. When those efforts proved futile, he submitted a petition for writ of habeas corpus in the San Joaquin County Superior Court, Case No. STK-CR-FMISC-2017-007284. That petition was denied on July 17, 2017, because it involved a conditions of confinement claim and because petitioner did not pay the filing fee. Pet. Ex. D. It was then denied on October 26, 2017, at the California Court of Appeal, Third Appellate District, for failure to exhaust administrative remedies. Id. Ex. E. Finally, it was denied at the California Supreme Court on May 23, 2018, for, inter alia, failure to exhaust. Id. Ex. F.

In the instant petition, petitioner claims the institution misapplied its own regulations regarding removal of the suffix, that the state courts were wrong in their analysis of his claims, and that he did not need to pay a filing fee for his state petition under California caselaw. By way of relief, he seeks the removal of the R Suffix, an order to respondent prohibiting him from using the suffix "against petitioner," an expedited hearing pursuant to California Penal Code § 1484, and a finding that the superior and appellate courts erred in denying his petition for writ of habeas corpus and mandate.

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint. See Muhammad v. Close, 540 U.S. 749, 750 (2004). "[H]abeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas corpus, and such claims may not be brought in a § 1983 [civil rights] action." Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc). Nettles further sets forth "the correlative rule that a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." Id. That is, claims challenging "the fact or duration of the conviction or sentence" are within the core of habeas, while claims challenging "any other aspect of prison life" are properly brought as civil rights actions. Id. at 934. If success on a habeas petitioner's claim would not necessarily lead to his immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus" and thus, is not cognizable under 28 U.S.C. § 2241. Id. at 935 (citing Skinner v. Switzer, 562 U.S. 521 (2012)).

Petitioner's claim in this case is premised on an R Suffix in his Central File, and success in this action in the form of declaratory and injunctive relief will in no way affect the fact or duration of petitioner's conviction or sentence and would not necessarily lead to his immediate or earlier release from confinement. His claim is therefore not appropriate for a petition for writ of habeas corpus.

In appropriate circumstances, courts have the discretion to convert a habeas petition to a prisoner civil rights complaint. Wilwording v. Swenson, 404 U.S. 249, 251 (1971), overruled on other grounds by Woodford v. Ngo, 548 U.S. 81 (2006); Nettles, 830 F.3d at 936 (holding that a district court has the discretion to construe a habeas petition as a civil rights action under § 1983). However, recharacterization is appropriate only if the petition is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition. Nettles, 830 F.3d at 936.

The Court finds that recharacterization would be inappropriate in this case for multiple reasons. First, prisoner civil rights actions are subject to different requirements than are federal habeas proceedings, including higher filing fees. The filing fee for a prisoner civil rights complaint proceeding in forma pauperis is $350.003 compared to the substantially lower $5.00 filing fee for habeas petitions. 28 U.S.C. § 1914(a). The $350.00 fee may be deducted in full over time from a qualified prisoner's prison trust account. 28 U.S.C. § 1915(b)(1). Petitioner may be unwilling to pay the considerably higher filing fee for a civil rights action.

Second, the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all claims relating to prison life that do not implicate the duration of a prisoner's sentence. Porter v. Nussle, 534 U.S. 516, 523, 532 (2002) ("[F]ederal prisoners suing under Bivens [ ] must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit."). Exhaustion is a prerequisite

to bringing a civil rights action that cannot be excused by a district court. Woodford, 548 U.S. at 85; Booth v. Churner, 532 U.S. 731, 739 (2001). Petitioner claims that he has been deprived of the right to utilize the administrative remedy program. It therefore appears that he has not exhausted inmate grievance procedures.

Finally, habeas petitions and civil rights actions are governed by different pleading standards. Federal Rule of Civil Procedure 8 only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. Proc. 8(a)(2), whereas Habeas Rule 2(c) requires a more detailed statement. The Habeas Rules instruct petitioners to "specify all the grounds for relief available" and "the facts supporting each ground." Rule 2(c). Petitioner's inartfully pled claims satisfy neither of these standards and are subject to dismissal with leave to amend. Moreover, petitioner has not necessarily named the proper defendants and the relief he seeks here may not necessarily be the same relief he might seek in a civil rights action. Therefore, the Court declines to recharacterize the action.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. The Clerk of Court shall assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that the petition be dismissed without prejudice to petitioner raising his claims in a civil rights action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: September 24, 2019

/DLB7;
DB/Inbox/Substantive/glov2816.fr.dism

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE